TRAVELER'S INSURANCE COMPANY, Plaintiff-Appellee, v. GARY A. WEBSTER *et al.*, Defendants-Appellants (Tammy S. Cashmer, Defendant-Appellee).

Third District   Nos. 3—92—0706, 3—92—0730 cons.

Opinion filed September 21, 1993.

George G. Leynaud, of Leynaud & Leynaud, of Peru, and McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, of Joliet (Gary S. Mueller, of counsel), for appellant Gary A. Webster.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of Ottawa (Michael T. Reagan, of counsel), for appellant Economy Fire & Casualty Company.

Johnson, Martin, Russell, English, Scoma & Beneke, of Princeton (Daniel K. Russell, of counsel), for appellee Traveler's Insurance Company.

Peter F. Ferracuti & Associates, of Ottawa (James R. Lindig, of counsel), for appellee Tammy S. Cashmer.

JUSTICE LYTTON delivered the opinion of the court:

In this case, Gary Webster and Tammy Cashmer were injured in a motorcycle accident. Each claimed that the other was driving. An action for declaratory judgment was filed to determine the rights and obligations of Webster, Cashmer and their insurance companies. After the trial judge found that Webster was the driver, this appeal was filed. We affirm.

Gary Webster and Tammy Cashmer were involved in a one-motorcycle accident on June 12, 1987. Both Webster and Cashmer were injured, and there were no other witnesses to the accident. Webster was insured by the Traveler's Insurance Company (Travelers), and Cashmer was insured by Economy Fire & Casualty Company (Economy). Webster's insurance policy did not afford liability coverage for his motorcycle. Cashmer's policy excluded liability coverage for the operation of motorcycles.

Cashmer filed suit for personal injury against Webster, alleging that Webster was the driver of the motorcycle at the time of the accident. Webster counterclaimed for his injuries, alleging that Cashmer was the driver. Additionally, Webster made an uninsured motorist claim against his insurance company, Travelers, asserting that Cashmer was the driver of the motorcycle. Cashmer made an uninsured motorist claim against her insurance company, Economy, asserting that Webster was the driver.

Travelers then filed a complaint for declaratory judgment. Economy answered and counterclaimed for declaratory judgment. The judge presiding over the declaratory judgment entered an order staying other proceedings between the parties. This order stated that the identity of the operator of the motorcycle would be determined in the declaratory judgment case and would bind the parties in the other legal proceedings.

A bench trial on the declaratory judgment action was held in the circuit court of La Salle County. The trial judge found that Webster was the driver of the motorcycle. Both Webster and Economy filed notices of appeal.

The primary issue before this court is whether the evidence is sufficient to support the trial court's finding that Gary Webster was the driver at the time of the accident. In a bench trial, it is the function of the trial judge to weigh the evidence and make findings of fact. Where the evidence is close, and the findings of fact must be determined from the credibility of witnesses, the court of review will defer to the trial court's factual findings unless they are against the manifest weight of the evidence. The court of review must not substitute its judgment for that of the trier of fact. *Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 433-34, 581 N.E.2d 656.

At the hearing below, Webster and Economy introduced evidence in support of their claim that Tammy Cashmer was the driver at the time of the accident. Webster testified that Cashmer was driving. Another witness, David Andree, testified that, shortly before the time of the accident, he saw two people on the same road where the Webster-Cashmer motorcycle subsequently had its accident. Andree testified that he remembered seeing a "big guy" on the back of the motorcycle. Andree also stated that the driver's hair was long and black, and the driver appeared to be a female. He opined that Webster must have been the passenger on the back of the motorcycle. However, Andree did not know Webster or Cashmer and did not know whether the motorcycle he passed was the one in the accident.

A hospital emergency record, prepared by a hospital employee on June 13, 1987, stated that Cashmer could not remember what happened. One month later, Jean Kassady, an employee of Economy, took a statement from Cashmer. According to the statement, when Kassady asked Cashmer if she could describe what happened, Cashmer replied, "I would if I could. I don't know."

The trial court also heard evidence that Webster was the driver. Cashmer's father and boyfriend saw Webster driving Cashmer on the motorcycle as they left a tavern shortly before the accident. Webster was conscious at the scene of the accident and at the hospital emergency room. Dr. Caner Celeboglu took a history from Webster while he was awake, alert and verbally coherent. Webster told Dr. Celeboglu that he was in a motorcycle accident, he did not hit anything, he was thrown into a ditch, and he had a passenger.

Webster also saw Dr. A.K. Roy at the hospital. Webster told Dr. Roy he was involved in a motorcycle accident in which he was driving.

Another history and physical report was prepared by Dr. James E. Gottemoler. According to Dr. Gottemoler's report,

"he [Webster] swerved to avoid a box that was in the road: he hit some gravel: he lost control of the motorcycle and was thrown to the ground and into the ditch."

Webster attempted to explain these statements. He testified that he did not remember making statements to Dr. Celeboglu, but Webster also said that he wanted everybody to believe that he was driving so that he would not get in trouble for letting Cashmer drive. Webster explained that Cashmer did not have a motorcycle license and he feared that he would get a ticket for letting her drive. Webster did not even tell his wife that Cashmer had been driving, because he believed that his wife would be angrier if she knew that Webster had let a woman drive the motorcycle. According to Webster, it was only after he spoke to his lawyer that he began to tell the truth, *i.e.*, that Cashmer was the driver.

■ Thus, the decision of the trial judge rested upon determinations regarding conflicting testimony and the credibility of witnesses. Under the circumstances presented, this court will defer to the findings of the trial judge who heard the testimony and observed the witnesses. *Family Tailored Homes, Inc. v. Manfield* (1992), 233 Ill. App. 3d 477, 480, 599 N.E.2d 198.

Here, the appellants raise three ancillary issues. First, appellants argue that such deference to the trier of fact is inappropriate in this case. Drs. Celeboglu, Gottemoler and Roy did not testify before the trial court; only their depositions were offered into evidence. Appellants argue that there are no credibility conclusions that can be drawn by the trier of fact and, accordingly, this court is as justified as the trial court in drawing conclusions from those depositions.

■ While the doctors did not testify before the trial judge, neither did they appear before this court. It is true that we are in the same position as the trial court to make credibility and weight findings as to the disposition testimony alone. However, because the weight to be afforded to the doctors' testimony was closely interrelated with Webster's testimony, the trial judge remained in the best posture to evaluate the credibility and weight of the witnesses' testimony. See *Lubin v. Goldblatt Brothers, Inc.* (1962), 37 Ill. App. 2d 437, 444, 186 N.E.2d 64.

■ Second, the appellants argue that Cashmer's testimony was entitled to little, if any, weight. They contend that Cashmer's testimony was impeached in two ways: (a) through inconsistent statements made prior to the commencement of trial, and (b) by inconsistencies in

her testimony at trial. After reviewing the record, we conclude that these inconsistencies do not require a reversal of the trial court's judgment. The alleged flaws in Cashmer's testimony were presented to the trier of fact. Nonetheless, the judge chose to believe Cashmer's claim that she was not driving at the time of the accident. We will not second-guess this determination. As the fact finder, the judge was not required to believe the testimony of Gary Webster. (*Pientka v. Board of Fire Commissioners* (1984), 125 Ill. App. 3d 124, 132, 465 N.E.2d 677.) Moreover, Webster's own claim of credibility was dependent upon his assertion that he initially made false statements regarding the identity of the driver and then changed his story after speaking to an attorney.

Third appellants contend that the trial judge failed to apply the appropriate burden of proof. They argue that the judge was confused by the "truism" that one of the two parties was the driver of the motorcycle. Appellants assert that even if Gary Webster failed to prove that he was not the operator of the motorcycle, this does not necessarily mean that Tammy Cashmer met her burden of proof.

■ Appellants are correct in their assertion that Cashmer was required to meet her burden of proof. Cashmer was not a plaintiff in this declaratory judgment action. Nonetheless, the trial judge's stay order provided that the determination of the driver's identity would be binding in other legal proceedings, including Cashmer's personal injury suit against Webster. Thus, in her appellate brief filed in this case, Cashmer conceded that she had the burden of proving that Webster was the driver of the motorcycle at the time of the accident. See *Tepper v. County of Lake* (1992), 233 Ill. App. 3d 80, 82, 598 N.E.2d 361.

The burden of proof in this case is the "preponderance of the evidence" standard, that is "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it." (*Board of Education v. Johnson* (1991), 211 Ill. App. 3d 359, 364, 570 N.E.2d 382.)

> "By a preponderance of the evidence it is meant the greater weight of the evidence, not necessarily in numbers of witnesses, but in merit and worth that which has more evidence for it than against it is said to be proven by a preponderance. Preponderance of the evidence is sufficient if it inclines an impartial and reasonable mind to one side rather than the other." (*Moss-American, Inc. v. Fair Employment Practices Comm'n* (1974), 22 Ill. App. 3d 248, 259, 317 N.E.2d 343.)

The "preponderance of the evidence" is that "which as a whole shows that the fact sought to be proved is more probable than not." Blacks Law Dictionary 1064 (5th ed. 1979).

In his order, the trial judge stated:

"This court further finds that it is more probably true than not that Defendant, Gary Webster, was in fact the driver or operator of the motorcycle at the time of the accident on June 12, 1987, which is the subject matter of this litigation."

The judge understood and applied the correct standard and found that Tammy Cashmer met her burden of proof.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY and SLATER, JJ., concur.